RATHBUN *v.* ALLEN.

1. SALE—ACTION FOR PRICE—EVIDENCE—BOOKS OF ACCOUNT—
   HARMLESS ERROR.
   In an action for the price of lumber sold, where it appeared that a written estimate had been prepared, showing the number of pieces and the sizes and lengths desired, so that to find the amount due required only a calculation, no harm was done by the admission of plaintiffs' books showing the amount, without testimony as to their correctness.

2. SAME—INSTRUCTIONS—CREDIT.
   Evidence examined, and *held* to justify a charge that it was not disputed that the credit was extended to defendant.

3. SAME—USE OF PROPERTY SOLD.
   Where, in an action for the price of lumber sold, the question in dispute was whether defendant had told plaintiffs to deliver the lumber on a third person's order, it was immaterial what the lumber was used for.

Error to Calhoun; Hopkins, J. Submitted November 6, 1903. (Docket No. 108.) Decided March 8, 1904.

*Assumpsit* by Stephen J. Rathbun and Arthur J. Kraft against Dee Allen for goods sold and delivered. From a judgment for plaintiffs, defendant brings error. Affirmed.

*Stewart, Sabin & Hooper,* for appellant.

*Charles C. Green* (*Andrew W. Lockton,* of counsel), for appellees.

MOORE, C. J. The plaintiffs sued to recover the value of a quantity of lumber which they claim they sold to defendant, and recovered a judgment. The defendant brings the case here by writ of error. The questions involved are stated in part in that portion of the charge of the judge to the jury which reads as follows:

"This action is what is known in law as a civil action. It is also defined as an action in *assumpsit,* and is brought by Stephen J. Rathbun and Arthur J. Kraft, the plaintiffs, to recover the price and value of a bill of lumber claimed to have been sold and delivered by them on or about July 6, 1900, to the defendant, Dee Allen. There is no dispute as to the delivery of the lumber. There is no controversy as to the amount of the value of the lumber, and it is not disputed that the credit was extended by the plaintiffs, Stephen J. Rathbun and Arthur J. Kraft, to the defendant, Dee Allen.

"The only question, gentlemen, for you to determine, is whether or not the plaintiffs in this case, Stephen J. Rathbun and Arthur J. Kraft, had the right to extend the credit to the defendant, Dee Allen, which they did extend to him on or about July 6, 1900. If they did have such right, and if they were authorized to extend such credit, then your verdict should be for the plaintiffs. If they were not authorized to extend such credit, then your verdict should be for the defendant, 'No cause of action.'

"In arriving at a determination as to whether or not the plaintiffs would have a right to extend this credit, and were authorized by the defendant, Dee Allen, to extend such credit, you are to take into consideration the acts and declarations and statements of the defendant, Dee Allen, made at or about the time this credit was extended to him; and I instruct you that if you find, as a matter of fact, that the defendant, Dee Allen, together with Mr. Blanck,

went to the plaintiffs on or about July 3, 1900, and obtained an estimate upon a bill of lumber, and that the defendant, Dee Allen, authorized Mr. Blanck to order the lumber at such time as he might want it, and if you further find as a fact that the defendant, Dee Allen, did not state that the lumber was to be charged to the Michigan Traction Company, and if you find as a fact that the defendant, Dee Allen, did not say anything to the plaintiffs about whom they should charge the lumber to, they would have the right, as a matter of law, to charge it to the defendant, ᾽ Dee Allen.

"I further instruct you that whether or not the defendant, Dee Allen, was acting in his capacity as vice-president of the Michigan Traction Company in ordering the said lumber, and whether or not he was acting as its agent in the purchase of said lumber, that the plaintiffs would not be bound by such fact, unless the defendant, Dee Allen, did something to bring the fact of such alleged agency to the attention of the plaintiffs at or before the time that the credit was extended to the defendant, Dee Allen, and the lumber was delivered to him, which delivery was made at the time that the lumber was loaded upon the cars at the station in Battle Creek. An agent who orders goods without legal authority for his principal binds himself, and, if an agent orders goods for a principal without disclosing the name of the principal to the party from whom he orders the goods, such party may charge the goods to the agent, and sue and collect from him; and I instruct you that whatever may have been understood by the defendant, Dee Allen, as between himself and the officers of the Michigan Traction Company, it would be wholly immaterial, unless the same was communicated to the plaintiffs, and the plaintiffs were instructed by the defendant, Dee Allen, or the defendant Dee Allen's actions, conduct, or statements were such that the plaintiffs, Stephen J. Rathbun and Arthur J. Kraft, might have inferred from such actions, conduct, and statements, made at or before the credit was extended and the lumber was delivered, that such credit was not to be given to Dee Allen himself, but was to be given to the Michigan Traction Company.

"As I have previously stated in this case, the burden of proof is upon the plaintiffs, and if you find from all the evidence in the case that some person ordered this lumber for the defendant, Dee Allen, the burden is upon the plain-

tiffs to show, by a fair preponderance of evidence, that such order was given by an agent of the defendant, Dee Allen, having the authority to bind him.

"There is no evidence properly in the case as to what the lumber was used for, though it might have come to your attention that it is claimed to be used for the building of a terminal station at Gull Lake; and I instruct you that what the lumber was used for is wholly immaterial to the question to be determined by you in this case, to wit, were the plaintiffs, Stephen J. Rathbun and Arthur J. Kraft, justified in making this charge for lumber to the defendant, Dee Allen?    If they were so justified, your verdict should be for the plaintiffs; if not, your verdict should be for the defendant."

The plaintiffs claim that, before the lumber was sold, an estimate of what would be required was made; that one Mr. Blanck and the defendant were at the place of business of the plaintiffs when the estimate was made, and the defendant authorized the plaintiffs to let Mr. Blanck have the lumber when he was ready to order it; that two days thereafter Mr. Blanck placed with them the order, and soon thereafter the lumber was placed on a car, billed to Dee Allen, Yorkville.   Mr. Allen denies that he was at the office of plaintiffs with Mr. Blanck, or that he authorized them to fill Mr. Blanck's order for this lumber, though he admits that he had authorized him to buy a bill of lumber from plaintiffs earlier.   He claims this lumber was for the Michigan Traction Company, of . which he was one of the officers, and that it is for them to pay.   The testimony bearing upon these respective claims was as conflicting as it could well be.

It is claimed there is no evidence of the amount of the bill of lumber; and that the books were improperly admitted in evidence before it was shown they were correctly kept.   It is not necessary to pass upon the question of the admissibility of the books.   Both parties are agreed there was a written estimate prepared, showing the number of pieces, the sizes and lengths required.   To determine the amount simply required a mathematical calculation, and no harm was done by the admission of the books.

It is said the judge erred in saying it is not disputed the credit was extended to the defendant. We think this statement was justified by the evidence. When the lumber was furnished, it was consigned to Mr. Allen. It was charged to him upon the books. The statement of account was made out in his name, and was so presented to him.

Complaint is made of the following portion of the charge:

"There is no evidence properly in the case as to what the lumber was used for, though it might have come to your attention that it is claimed to be used for the building of a terminal station at Gull Lake; and I instruct you that what the lumber was used for is wholly immaterial to the question to be determined by you in this case."

The pivotal question in the case was whether Mr. Allen told plaintiffs to fill Mr. Blanck's order for this lumber. They claimed he did. Defendant denied this claim. What became of that lumber did not bear upon the disputed question.

We have examined the record carefully, and find no reversible error.

Judgment is affirmed.

The other Justices concurred.